IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JACQUELINE GIBSON-BRADLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:25-cv-00613 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| ULTIUM CELLS, LLC, ) | MAGISTRATE JUDGE HOLMES |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Jacqueline Gibson-Bradley, a resident of Davenport, Iowa, has filed a pro se Complaint (Doc. No. 1) against Defendant Ultium Cells, LLC, a resident of Tennessee, alleging violations of the Americans with Disabilities Act of 1990 and 42 U.S.C. § 12101, *et seq.*, alleging "disability discrimination, retaliation, hostile work environment, and wrongful termination." (Id. at PageID# 1). Plaintiff further filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2).

### I. SIGNATURE REQUIREMENT

The Complaint lacks a signature. (Doc. No. 1 at PageID# 2). "Every pleading…must be signed by…a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "The United States Supreme Court interpreted Rule 11(a)'s signature requirement to 'call for a name handwritten…'" *Purvey v. Knoxville Police Department*, 3:20-CV-317, 2021 WL 1840443, at *1 (E.D. Tenn. May 7, 2021) (quoting *Becker v. Montgomery*, 532 U.S. 757, 764 (2001)).

Because the Complaint lacks a signature, the Court cannot consider the Complaint as is. Plaintiff may cure the deficiency by filing the Complaint with a handwritten signature as required

by Rule 11(a). Plaintiff **MUST** cure the deficiency within **30 DAYS** of the date this Order is entered on the docket.

## II. FILING FEE

Plaintiff submitted her own self-created IFP Application. (Doc. No. 2). Thus, the Court cannot rule on Plaintiff's IFP Application as submitted. In the Middle District of Tennessee, "[n]on-prisoner litigants must use the long form AO239" that provides more detailed financial information. See https://www.tnmd.uscourts.gov/pro-se-forms-and-information-sheets-non-prisoner. Therefore, the Court **DENIES** the IFP Application without prejudice. (Doc. No. 2).

Considering Plaintiff's pro se status, the Court will allow her an opportunity to submit a proper IFP Application. If Plaintiff wishes to obtain pauper status, she **MUST** submit her own properly completed and signed "long form" pauper application. The Clerk is **DIRECTED** to mail Plaintiff a long-form pauper application for her convenience. Plaintiff **MUST** return the IFP Application no later than **30 DAYS** from the entry of this Order. If not, at the expiration of the 30-day period, the Court may dismiss this action.

Rather than seek pauper status, Plaintiff may submit the full civil filing fee of $405.00 by the same deadline. This fee consists of a $350.00 filing fee and a $55 administrative fee. See 28 U.S.C. § 1914(a)-(b); District Court Miscellaneous Fee Schedule, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule, provision 14 (eff. Dec. 1, 2023).

Plaintiff is cautioned that failure to comply with this Order in full by the above deadline (or to request an extension of the 30-day period for compliance before it expires) may result in dismissal of the Complaint for want of prosecution and failure to follow the Order of the Court.

Fed. R. Civ. P. 41(b). Failure to keep the Court apprised of any change in Plaintiff's address of record may also result in dismissal. M.D. Tenn. L.R. 41.01(b).

### III. CONCLUSION

Plaintiff **MUST** provide a signed Complaint within **30 DAYS** of the date this Order is entered on the docket.

The IFP Application (Doc. No. 2) is **DENIED** without prejudice. Plaintiff **MUST** submit a proper IFP Application as detailed above within **30 DAYS** from the entry of this Order.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE